UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 13-50037-JLV |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MICHAEL ALFORD, PHILANA RED FEATHER, a/k/a PHILANA GARCIA, and NEWTON TWO TWO, | ) ) ) ) ) | |
| Defendants. | ) | |

On March 19, 2013, the defendants were jointly indicted by a grand jury. (Docket 1). In count I, defendants Michael Alford and Philana Red Feather are charged with larceny relating to the property of Patricia Mousseau and others. Id. In count II, defendant Michael Alford is charged with tampering with a witness, a minor, I.T.T., in relationship to the larceny charged in count I. Id. In count III, defendant Michael Alford is charged with tampering with a witness, David Two Two, in relationship to the larceny charged in count I. In count IV, defendant Newton Two Two is charged with felony child abuse and neglect of two minors, I.T.T. and N.M. Id.

On June 12, 2013, the court granted Mr. Two Two's second motion to continue. (Docket 49). See Dockets 41 & 48. On July 30, 2013, Mr. Alford moved to sever his case from that of the co-defendants. (Docket 55). The government opposes severance of counts I, II and III, but does not oppose severance of count IV. (Docket 59). On July 30, 2013, Mr. Two Two filed a

third motion for continuance. (Docket 57). On August 7, 2013, the court granted the motion to continue. (Docket 58). This continuance allowed the court to consider Mr. Alford's motion to sever.

On August 20, 2013, counsel for Mr. Two Two filed a fourth motion to continue. (Docket 62). The basis for this continuance is counsel's representation that Mr. Two Two may have absconded as he has failed to maintain contact with counsel. Id. at p. 1. Mr. Alford filed a response opposing this fourth motion to continue and renewed his pending motion for severance. (Docket 63).

The indictment on its face presents an independent larceny charge against Mr. Alford and Ms. Red Feather (count I) and two related counts of tampering with witnesses associated with the alleged larceny (counts II and III). The felony child abuse and neglect charge against Mr. Two Two, while including one of the minor witnesses to the alleged larceny, I.T.T., bears no relationship to the alleged larceny. Additionally, Mr. Two Two's absconding makes a joint trial with Mr. Alford and Ms. Red Feather more problematic. For these reasons, the court will grant Mr. Alford's motion to sever counts I, II and III from count IV.

Mr. Alford also seeks to sever his case from the case of Ms. Red Feather. (Docket 56 at p. 4). He argues the co-defendants made "statements which directly implicate Defendant Alford on each count." Id. Mr. Alford fails to identify specifically what statements were made or how either Ms. Red Feather or Mr. Two Two may implicate him.

The court must determine whether severance under Fed. R. Crim. P. 14 should be granted. The rule provides: "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "A court will permit severance only upon a showing of real prejudice to an individual defendant." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 349 (U.S. 2011) (internal quotation marks and citation omitted). "Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show that his defense is irreconcilable with the defense of his codefendant or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants. . . . The defendant carries a heavy burden in making this showing." Id. (internal quotation marks and citations omitted).

Mr. Alford's claim his trial must be severed from the trial of the co-defendants so that one or more of them may testify on his behalf is insufficient to justify severance. United States v. Graham, 548 F.2d 1302, 1311 (8th Cir. 1977). "A defendant's assertion that his co-defendant might testify at a separate trial must find some independent support in the record." Id. "An additional basis for overruling the severance motion[] . . . is that [the defendant] has shown his . . . co-defendants would offer exculpatory testimony if the co-defendants did testify at a separate trial." Id. at n. 9. See also United States v. Crumley, 528 F.3d 1053, 1063 (8th Cir. 2008) ("The district court

3

does not abuse its discretion in denying a motion to sever absent a 'firm representation' that a co-defendant would be willing to testify on the defendant's behalf.") (quoting United States v. Blaylock, 421 F.3d 758, 767 (8th Cir. 2005)). For these reasons, Mr. Alford's motion to sever his case from the case of Ms. Red Feather is denied.

Accordingly, it is hereby

ORDERED that defendant Two Two's fourth motion for continuance (Docket 62) is granted.

IT IS FURTHER ORDERED that defendant Alford's motion to sever (Docket 55) is granted in part and denied in part.

IT IS FURTHER ORDERED that the trial of count IV of the indictment against Mr. Two Two shall be held separately from the trial of counts I, II and III.

IT IS FURTHER ORDERED that the trial of counts I, II and III for Mr. Alford and Ms. Red Feather shall be held jointly.

IT IS FURTHER ORDERED that separate scheduling orders will be entered consistent with this order.

Dated August 30, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE